**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **RATIO CHRISTI AT THE UNIVERSITY OF NEBRASKA-LINCOLN** *et al.*, <br> *Plaintiffs,* <br> v. <br> **PAUL KENNEY**, Chair, Board of Regents of the University of Nebraska *et al.*, <br> *Defendants.* | Case No. 4:21-cv-3301-JMG-SMB |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO
FILE AN AMENDED COMPLAINT**

The plaintiffs submit this brief in support of their motion for leave to file an amended complaint. The proposed amended complaint (Ex. A) and the exhibits cited in the proposed pleading (Exs. 1–7, 9, 10, 10A–10C, and 11–13) are attached to the plaintiffs' motion for leave to file.

The plaintiffs recently discovered that the prayer for relief in their amended complaint omits the relief sought from Defendant University Program Counsel. *See* ECF 36, Prayer for Relief, pp. 46–47, ¶¶ A–H. The proposed second amended complaint cures that omission. *See* Ex. A, Prayer for Relief, pp. 46–47, ¶¶ B, F.

Federal Rule of Civil Procedure 15(a) states that leave to amend is to be "freely given as justice so requires." Under this generous standard, denying leave to amend is "appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrate." *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (cleaned up).

None of the grounds for denying leave to amend apply. The parties have yet to prepare a Rule 26(f) report or commence discovery. And because of the minor differences between the First Amended Complaint and proposed Second Amended Complaint, the defendants can easily adapt any answer or response that they have

drafted for the former to address the latter. Thus, allowing leave to amend will not prejudice the defendants or unduly delay this case. Nor are the plaintiffs acting in bad faith. Instead, they are promptly seeking to cure an omission in their prayer for relief that they just discovered. Finally, the proposed amendment is not futile. *See Hillesheim*, 897 F.3d at 955 ("amendment is futile if the amended claim could not withstand a motion to dismiss" (cleaned up)).

For these reasons, and those set out in the plaintiffs' motion, the plaintiffs request that this Court grant leave to file the proposed second amended complaint and supporting exhibits.

Respectfully submitted this 27th Day of October, 2022.

Richard J. Wall, Jr.
Bar No. 25432
Owner
THE ESTATE PLANNING LAW FIRM OF
RICHARD J. WALL, JR., P.C., L.L.O.
2935 Pine Lake Road, Suite D
Lincoln, NE 68516
Telephone: (402) 421-8686
Facsimile: (402) 421-3225
rj@walljr.com

*s/ Greggory R. Walters*
Greggory R. Walters*
AZ Bar No. 036590
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
gwalters@ADFlegal.org

J. Caleb Dalton*
VA Bar No. 83790
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Ste. 600
Washington, DC 20001
Telephone: (202) 393-8690
Facsimile: (202) 393-3622
cdalton@ADFlegal.org

**Admitted pro hac vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

I hereby certify that under Local Rule 7.1(d)(3), I have counted the words in this brief using the word-count function of Microsoft Word on all text and that this brief contains 550 words.

/s/ *Greggory R. Walters*
Greggory R. Walters

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will cause notice of the same to be sent to all counsel of record.

/s/ *Greggory R. Walters*
Greggory R. Walters